T. M. MESSICK ET AL., PLAINTIFFS IN ERROR, v. PATRICK McCARTY ET AL., DEFENDANTS IN ERROR.

Judicial Sale: EVIDENCE INSUFFICIENT TO SET ASIDE. The order of the district court, setting aside a sale of real estate on execution, was based upon a stipulation (copied at length in the opinion) which was treated as a bill of exceptions, and certified to by the district judge as being all the evidence offered or given by either party. *Held*, That the district court had not sufficient facts before it to sustain its findings or order.

ERROR to the district court for Kearney county. Tried below before GASLIN, J.

*Joel Hull*, for plaintiffs in error.

*Godfrey & Godfrey*, for defendants in error.

COBB, CH. J.

This cause comes to this court on error to the district court from the final order of that court in refusing to

confirm and in setting aside a sale of real estate on execution.

At the hearing the court found "that the said land levied upon and sold under said execution, to-wit: * * * was acquired by the said Patrick McCarty under and by virtue of the United States laws as a government homestead; that the debts on which judgments in the case were recovered and executions issued and the said premises sold, were contracted prior to the issuing of the patent by the United States therefor, and that the judgments are no liens on the said land," and the judgment of the court was "that the said motion to set aside the said sale be and the same is hereby granted, the said sale ordered set aside, vacated, and forever held for nought, and that the said premises and land be and the same is wholly released from any and all liens by virtue of said judgment or any execution issued thereon."

There is a stipulation of facts in the case, which is treated by the parties, and signed by the judge of the district court, as a bill of exceptions, and certified by him to be all the evidence offered or given by either party. The following are the facts contained in said stipulation:

"1. The date of the debt contracted to plaintiff T. M. Messick was July 16, 1881.

"2. The date of the debt contracted to plaintiff F. M. Vroman was $10 on March 22, 1881, and $130, Sept. 20 1881.

"3. The date of the filing T. M. Messick's judgment record was January 5, 1882, and of F. M. Vroman's judgment was February 5, 1882.

"4. The date of final receiver's receipt was August 26, 1881, and the date of the patent issued was April 29, 1882.

"5. The dates of the mortgage and deed made by McCarty are as alleged."

It is obvious that the court had not facts before it sufficient to sustain its findings or order. The stipulation,

47

which the district judge certifies contains all the evidence given by either party at the hearing, contains nothing as to the method or the law under which the said Patrick McCarty acquired the title to the land in question.

*Prima facie* when a judgment is duly docketed in the district court it constitutes a lien upon the real estate of the defendant situated within the county, and with due regard to the stay and appraisement laws, such real estate may be levied upon and sold to satisfy such judgment. But such lands may be taken out of the operation of the general rule by force of the national or state homestead laws, and possibly by other means, but in any event the same must be shown affirmatively, and cannot be presumed.

The order of the district court setting aside the sale is therefore reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.